IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURANE ODEN, # M-47270, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-1134-JPG |
| | ) |
| VIPIN SHAH, | ) |
| DR. PHIL MARTIN, | ) |
| and WEXFORD HEALTH CARE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Robinson Correctional Center ("Robinson"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted

1

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that the Complaint is subject to dismissal under § 1915A, for failure to state a claim upon which relief may be granted. However, Plaintiff shall be allowed an opportunity to re-plead his claims in an amended complaint.

### The Complaint

Plaintiff asserts that in May 2017, he sought treatment at the prison's health care unit for severe headaches, which he claims are caused by "a large lump that sit[s] on [his] forehead." (Doc. 1, p. 6). On May 2, 2017, Dr. Shah saw Plaintiff and prescribed ibuprofen for him for 6 months. However, Plaintiff points out that the ibuprofen "does not fix the problem with the lump . . . which creates the headaches." *Id.* Plaintiff further asserts that the Defendants deliberately denied him a CAT-scan and/or MRI, which could possibly determine the cause of the lump on

his forehead that is causing the severe pain. *Id.*

On June 20, 2017, Plaintiff filed a grievance over his dissatisfaction with the allegedly inadequate medical treatment. Dr. Martin (Health Care Administrator) denied the grievance. (Doc. 1, pp. 5-6).

Finally, Plaintiff asserts that Wexford Health Care ("Wexford") deliberately denied him medical treatment, because Wexford "institutes polic[ies] and procedures that incentivice [sic] employees to provide less than adequate medical treatment to inmates so that cost considerations and budgetary concerns can be met." (Doc. 1, p. 5).

Plaintiff seeks injunctive relief to require the Defendants "to provide medical treatment that will not cause other problems such as kidney failure by taking pain pills." (Doc. 1, p. 7). He also seeks monetary damages. *Id.*

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Shah, for failing to order diagnostic tests to determine the cause of the lump on Plaintiff's forehead;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Dr. Martin, for failing to order or approve diagnostic tests to determine the cause of the lump on Plaintiff's forehead;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Wexford Health Care, for maintaining policies that encourage prison medical providers to

render inadequate medical care in order to save money.

Each of the above Counts shall be dismissed without prejudice at this time, because the Complaint fails to state a claim upon which relief may be granted.

### Deliberate Indifference to Serious Medical Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

In Plaintiff's case, his severe head pain and lump on his forehead arguably satisfy the

4

objective component of an Eighth Amendment claim. The remaining question is whether the Defendants acted or failed to act with deliberate indifference to a known risk of serious harm.

**Dismissal of Count 1 – Dr. Shah**

When Plaintiff consulted Dr. Shah on May 2, 2017, Shah treated him with ibuprofen for the head pain. Plaintiff does not claim that the 6-month prescription for ibuprofen failed to alleviate his pain. Shah's action of providing pain-relief medication for a painful condition is a reasonable measure to address the harm that Plaintiff would suffer if his pain remained untreated.

Plaintiff's complaint against Shah is that he "deliberately den[ied]" a CAT-scan and MRI, which could "possibly determine" the cause of the lump on Plaintiff's forehead. (Doc. 1, p. 6). This allegation alone does not point to deliberate indifference on the part of Dr. Shah. More factual context is needed in order to evaluate the claim of deliberate indifference. For example, Plaintiff does not provide any facts to describe whether he and Dr. Shah discussed the possibility of having either of those diagnostic tests. The Complaint does not disclose whether Shah conducted any examination or took other steps to determine what the lump might be, or whether it posed any risk to Plaintiff's health. Plaintiff does not say whether he asked for or had any follow-up visit(s) to Shah, whether he requested additional treatment or examination, or whether Shah made a diagnosis regarding the nature of the lump on Plaintiff's forehead.

Plaintiff believes that he should be given a CAT-scan or an MRI, but the minimal facts in the Complaint do not support a conclusion that such a test was medically necessary. As noted above, an inmate is not entitled to "demand specific care" or a particular diagnostic test for a medical condition. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

If Plaintiff has additional facts to present, which would indicate that Dr. Shah failed to provide treatment or testing that was necessary to alleviate Plaintiff's pain or to address a

substantial risk to his health, he may do so in an amended complaint.  The current Complaint does not contain facts to support a conclusion that Shah was deliberately indifferent to Plaintiff's condition.  **Count 1** shall therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Dismissal of Count 2 – Dr. Martin**

The Complaint does not state that Dr. Martin, the Health Care Unit Administrator, ever personally examined or treated Plaintiff.  Plaintiff says that he filed a grievance on June 20, 2017, regarding the way his medical problem was handled.  He alleges that Martin "spoke with Robinson Correctional Center grievance officer, and further deliberately denied the Plaintiff medical treatment."  (Doc. 1, p. 5).

Plaintiff does not provide a copy of his grievance, nor does he describe what information he included in it.  The Court thus cannot evaluate whether the information in that grievance placed Dr. Martin on notice that Plaintiff was suffering from a serious medical condition that was not being properly treated by Dr. Shah.

An official will not ordinarily incur liability for merely denying a grievance which complains about the misconduct of another person.  The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  On the other hand, if a prisoner's grievances or complaints contain sufficient information to notify the reviewing official(s) about a significant risk of serious harm due to inadequate medical treatment, then the failure of the reviewing official(s) to intervene may amount to deliberate indifference.  *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with deliberate indifference claim against non-medical prison officials who failed to intervene

despite their knowledge of his serious medical condition and inadequate medical care, as explained in his "coherent and highly detailed grievances and other correspondences").

In Plaintiff's case, the Complaint does not provide any factual support for the claim that Martin was deliberately indifferent to Plaintiff's medical condition. Accordingly, **Count 2** shall also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Dismissal of Count 3 – Wexford Health Care

Defendant Wexford Health Care ("Wexford") is a corporation that employs Defendants Shah and Martin and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

Here, Plaintiff claims that Wexford had a cost-cutting policy that discouraged prison medical providers from providing adequate care. Even assuming at this stage that Plaintiff's allegation about Wexford's policy is true, the Complaint does not set forth any facts to suggest that a Wexford policy was the reason why Shah or Martin declined to provide Plaintiff with a CAT-scan or an MRI. Given the lack of factual allegations in the Complaint, it is equally plausible that Shah and/or Martin determined that these tests were not medically necessary in Plaintiff's case.

As with the other claims, **Count 3** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Because each of the 3 counts discussed above shall be dismissed, Plaintiff's entire

Complaint (Doc. 1) shall be dismissed without prejudice. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review under § 1915A.

**Pending Motions**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3). The dismissal of the Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655.

The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion does not reflect that he has made any effort whatsoever to secure counsel. In the absence of any information, the Court cannot conclude that Plaintiff has made reasonable efforts to obtain counsel. This factor alone justifies denial of the motion.

As to the second inquiry, Plaintiff reveals that he has a limited education. He notes that he has only completed grade school, and says he "can not read or spell" (Doc. 3, p. 2). He does not indicate whether or not he had assistance in preparing the Complaint. The Complaint does reflect that Plaintiff is articulate and capable of stating the relevant facts and his legal claims. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak, and all that is required is for Plaintiff to include more factual content regarding his interactions with the Defendants in his attempts to obtain medical care. Plaintiff alone has knowledge of these facts, and no legal training or knowledge is required to set them down on paper. Therefore, the recruitment of counsel is not warranted at this time and the motion (Doc. 3) is **DENIED** without prejudice. The Court will remain open to recruiting counsel as the case progresses.

Should Plaintiff decide to file another motion seeking the recruitment of counsel, he is advised to first seek representation on his own by contacting at least 3 attorneys. He should include copies of his letters and any responses received along with his motion for counsel.

The motion for service of process at government expense (Doc. 4) is **DENIED AS MOOT.** Such a motion is not necessary for a plaintiff who has been granted leave to proceed *in forma pauperis* ("IFP"), as Plaintiff has. If Plaintiff submits an amended complaint that survives threshold review under § 1915A, the Court shall order service on the Defendants who remain in

the action.

## Disposition

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before December 26, 2017). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 17-cv-1134-JPG. The amended complaint shall present each claim in a separate count as designated by the Court above. In each count, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, this case shall be subject to dismissal with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint. If the First Amended Complaint fails to survive review under § 1915A, Plaintiff may also incur a "strike."

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 27, 2017**

                                              *s/J. Phil Gilbert*
                                              United States District Judge