# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURANE ODEN, # M-47270, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-1134-JPG |
| ) | |
| VIPIN SHAH, ) | |
| DR. PHIL MARTIN, ) | |
| and WEXFORD HEALTH CARE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a merits review of Plaintiff's First Amended Complaint (Doc. 8), pursuant to 28 U.S.C. § 1915A. The amended pleading was filed on December 12, 2017, at the direction of the Court. The original Complaint was dismissed without prejudice on November 27, 2017, for failure to state a claim upon which relief may be granted. (Doc. 7). Plaintiff is incarcerated at Robinson Correctional Center ("Robinson"), where his claims arose.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Some of Plaintiff's claims survive this § 1915A review.

## The First Amended Complaint

Plaintiff consulted Dr. Shah in May 2017, seeking treatment for a large mass on his

1

forehead which was causing painful headaches. (Doc. 8, p. 2). Plaintiff explained that the mass had become larger since his arrival at Robinson, and is still growing. (Doc. 8, pp. 4-6). Dr. Shah prescribed Ibuprofen, which Plaintiff took for about 1-1/2 months. (Doc. 8, p. 2). However, this medication lost its effectiveness and Plaintiff continued to suffer pain, as well as problems sleeping and concentrating. (Doc. 8, pp. 2-3).

On June 19, 2017, Plaintiff submitted a grievance because the Ibuprofen was not doing anything to relieve his pain. Plaintiff asked to be given an MRI or CT Scan, or for a referral to a specialist to find out what the mass was. (Doc. 8, pp. 2, 5). Dr. Shah stated that IDOC "does not do cosmetic removal." However, Plaintiff notes that what he has is a "large mass," not merely a bump or wart. (Doc. 8, p. 3). Dr. Shah never called Plaintiff back to Health Care for any follow-up, and never referred him for any further testing, a biopsy, or to see a specialist about his condition. *Id.* Plaintiff fears that the mass could be cancerous.

Plaintiff asserts that Wexford Health Care ("Wexford") has a policy and procedure to stay within their contracted budget, which leads them to discontinue expensive medications and give less effective and cheaper treatment. (Doc. 8, p. 3). Because of this policy, Wexford and Shah "steer away from CT Scans and MRI's at hospitals due to cost." *Id.*; (Doc. 8, p. 5). Plaintiff believes that the only reason Shah has not referred him for some outside consultation or testing is due to Wexford's "cost considerations" policy. (Doc. 8, p. 6).

Plaintiff asserts that Martin (Health Care Administrator) was "obligated to confer" with Shah to determine whether outside medical testing was warranted to evaluate the mass, after reviewing Plaintiff's grievance. (Doc. 8, pp. 4, 6). However, Martin did not make a referral for Plaintiff to obtain further testing.

The First Amended Complaint does not contain a prayer for relief. In the original

Complaint, which has been superseded and replaced by the First Amended Complaint, Plaintiff requested injunctive relief to obtain further treatment for his condition, and damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

The Court divided the *pro se* action into three counts based on the original Complaint. The Court shall maintain these designations, with a slight rewording of Count 3, in evaluating the First Amended Complaint. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Dr. Shah, for failing to order diagnostic tests to determine the cause of the lump on Plaintiff's forehead;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Dr. Martin, for failing to order or approve diagnostic tests to determine the cause of the lump on Plaintiff's forehead;
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Wexford Health Care, for maintaining policies that caused Dr. Shah to refuse to refer Plaintiff for further testing in order to control costs.

Counts 1 and 3 shall receive further consideration in this action. Count 2 shall be dismissed without prejudice at this time.

Plaintiff may wish to consider submitting another amended complaint in order to set forth the relief he is seeking. He should keep in mind that his pleadings are not cumulative; an amended complaint supersedes and replaces all prior complaints, and must stand on its own. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). New material in an amended complaint should be underlined for clarity and in order to comply with SDIL

Local Rule 15.1.

## Deliberate Indifference to Serious Medical Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff's severe headaches, which were not relieved with the medication prescribed to him, as well as the growing mass on his forehead, indicate that he suffered from an objectively serious medical condition. The remaining question is whether the Defendants acted or failed to

act with deliberate indifference to a known risk of serious harm to Plaintiff from this condition.

**Count 1 – Dr. Shah**

Dr. Shah prescribed Ibuprofen for Plaintiff's headaches, which was a reasonable response to his complaints of pain. This medication initially gave Plaintiff some relief. However, when Plaintiff attempted to get follow-up treatment because the Ibuprofen was no longer helping with his pain, Shah never saw Plaintiff again. Shah allegedly refused to consider a referral for Plaintiff to have the mass on his forehead tested, and dismissed Plaintiff's request by saying that IDOC does not do "cosmetic removal." (Doc. 8, p. 3).

In light of Plaintiff's severe pain and his claim that the mass was growing larger, Dr. Shah's refusal to provide further treatment or a referral could be considered deliberate indifference to Plaintiff's condition. Additionally, Shah's alleged refusal to consider a referral because of cost concerns would support a claim for deliberate indifference. At this stage, Plaintiff's claim against Dr. Shah in **Count 1** shall proceed for further consideration.

**Dismissal of Count 2 – Dr. Martin**

Plaintiff does not describe any personal encounter with Dr. Martin in the course of his efforts to obtain treatment or a referral for further diagnosis of the mass on his forehead. Nor does Plaintiff include or reference any written request for treatment he directed to Martin. Plaintiff mentions only the single grievance that he filed on June 19, 2017, in which he requested an outside referral for testing, and concludes that on the basis of that grievance, Martin should have sent him to an outside facility.

If Plaintiff's grievance contained sufficient information to put Martin on notice that he had a serious medical condition that was not being treated, *and* if Martin in fact reviewed the grievance, his lack of remedial action could support a claim for deliberate indifference. *See*

5

*Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with deliberate indifference claim against prison officials who failed to intervene despite their knowledge of his serious medical condition and inadequate medical care, as explained in his "coherent and highly detailed grievances and other correspondences"). But nothing in the Amended Complaint demonstrates that Martin saw the grievance. Without direct knowledge of Plaintiff's medical problems, Martin cannot be found to have violated Plaintiff's constitutional rights. At this time, therefore, the deliberate indifference claim against Martin in **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 3 – Wexford Health Care

As noted in the Order dismissing the original Complaint, Wexford Health Care Sources ("Wexford") cannot be held liable for deliberate indifference merely because it is the employer of Defendant Shah and Martin. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

In the First Amended Complaint, Plaintiff describes Dr. Shah's comment that IDOC "does not do cosmetic removal" of growths like the mass on Plaintiff's forehead. This supports Plaintiff's conclusion that Shah declined to make a referral for Plaintiff to see an outside provider because of a Wexford policy. Plaintiff further alleges that Wexford's cost-control directives caused Shah to deny his request for further treatment. Based on these allegations, Plaintiff may proceed at this time with the deliberate indifference claim against Wexford in **Count 3**.

**Disposition**

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **MARTIN** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **SHAH** and **WEXFORD HEALTH CARE SOURCES, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for

disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 13, 2018**

*s/J. Phil Gilbert*
United States District Judge