UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DURANE ODEN,

    Plaintiff,

v.

VIPIN SHAH, DR. PHIL MARTIN, and
WEXFORD HEALTH CARE SOURCES,

    Defendants.

Case No. 17-cv-1134-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 37) of Magistrate Judge Donald G. Wilkerson recommending that the Court deny the defendants' motion for summary judgment for failure to exhaust administrative remedies (Doc. 28). The defendants have objected to the Report (Doc. 39).

### I. Report Review Standard

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

### II. The Report and Objections

This case arose when plaintiff Durane Oden became dissatisfied with the treatment he received from defendant Dr. Vipin Shah. Dr. Shah was an employee of defendant Wexford Health Sources, Inc. who worked at Robinson Correctional Center, where Oden was

incarcerated. Oden had a lump on his head that Dr. Shah treated with ibuprofen even after Oden said it became ineffective to control the pain. Dr. Shah refused to refer Oden to a specialist or to order and additional tests. He believes Dr. Shah took this action in part because of Wexford's cost-cutting policy.

Oden filed a grievance about his treatment, which the warden ultimately denied on July 20, 2017. Oden signed his appeal to the Administrative Review Board ("ARB") and placed it into the prison mail system on Wednesday, August 16, 2017. The ARB did not mark it received until the following Monday, August 21, 2017. It then refused to address the appeal because it was untimely; the Illinois Administrative Code provided that the ARB must *receive* a grievance within 30 days after the warden's decision, 20 Ill. Admin. Code § 504.850(a) (2017), but August 21, 2017, was day 32.

    A.    <u>Timeliness of Appeal to ARB</u>

Magistrate Judge Wilkerson found Oden's appeal was timely by essentially applying a modified mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). He found that if the deadline for the ARB to receive the appeal was Saturday, August 19, 2017, 30 days after the warden's decision, Oden's mailing three days before that day should have allowed plenty of time for the appeal to have arrived at the ARB. He noted that the Federal Rules of Civil Procedure allow three days for a party to receive something sent to them by mail. *See* Fed. R. Civ. P. 6(d). He reasoned that Oden had no control over the delivery of the mail, so he is not responsible for his appeal not arriving within three days of its mailing.

The defendants object that Magistrate Judge Wilkerson ignored the plain text of the regulation, which requires *receiving* the appeal by the ARB without any exception for delay in the mail. They argue that Oden was at fault for not mailing his appeal sooner to ensure it

2

arrived on time.

The Court agrees with Magistrate Judge Wilkerson for a slightly different reason: the defendants have not carried their burden of showing an appeal to the ARB was available to Oden in the circumstances presented. A prisoner plaintiff need only exhaust remedies that are "available" to him. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Johnson v. Litscher*, 260 F.3d 826, 829 (7th Cir. 2001). A remedy is deemed to be unavailable if prison officials prevent the progress of the grievance through the administrative remedy process. *Lewis*, 300 F.3d at 833; *see Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001).

It is true that the ARB stamped Oden's appeal as received on Monday, August 21, 2017, 32 days after the warden's final decision. However, the defendants have provided no evidence that the postal service was not prepared to deliver the appeal to the ARB on Saturday, August 19, 2017, had the ARB's doors been open. If the postal service could otherwise have delivered the appeal to the ARB on Saturday, August 19, 2017, but was prevented from doing so only because the ARB closes its offices on Saturdays, the ARB essentially prevented Oden from filing a timely appeal. The ARB may not set a deadline that tees off its receipt of a document, and then close its doors to prevent its delivery. In sum, the defendants have not proved that a timely appeal was available to Oden.

The Court cannot end this discussion without noting its disappointment at the Illinois Administrative Code's rule changes. Until April 1, 2017, it required an inmate to file an appeal—that is, place it in the prison mail system for mailing—within 30 days of the warden's decision; now the rule requires the ARB's *receipt* of the appeal within that period. As illustrated above, this new version of the rule removes a great deal of responsibility for perfecting a timely appeal from the inmate and places it on other entities. Of course, the inmate

3

should try to mail his appeal early enough to reach the ARB in time, but whether the appeal is actually timely depends also on the efficiency of the internal prison mail system, the postal service, and the ARB mail distribution system. As discussed above, it further depends on the ARB's decision when it will keep its doors open to accept documents. Thus, the new rule injects uncertainty as to who is to blame for an untimely filing—uncertainty a defendant may now have to clear up before he can prevail on an exhaustion defense when the issue is timeliness. Today the Court does not express any opinion on circumstances other than those presented in this case. However, it would be hard-pressed to find, for example, that an inmate failed to exhaust administrative remedies if the post office lost his letter or took weeks to deliver it.

    B.    <u>Identification of Wexford</u>

Magistrate Judge Wilkerson found Oden's grievance sufficiently put Wexford on notice of his complaints because he did not need to articulate the specific reasons for thinking Wexford was at fault. He noted that the Illinois Administrative Code only required Oden to describe the factual basis for his grievance, not to explain his legal theories. *See* 20 Ill. Admin. Code § 504.810(c) (2017) (grievances must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. . . . [or] as much descriptive information about the individual as possible").

The defendants object on the grounds that Oden did not identify or describe Wexford or any of its policies in his grievance.

The Court agrees with Magistrate Judge Wilkerson that Oden's complaint about not getting effective medical treatment implicitly included a complaint about the reasons Dr. Shah was not providing effective medical treatment, a Wexford policy. Thus, his grievance satisfies

the specificity requirements of 20 Ill. Admin. Code § 504.810(c).

### III. Conclusion

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 37);

- **OVERRULES** the defendants' objections (Doc. 39); and

- **DENIES** the defendants' motion for summary judgment for failure to exhaust administrative remedies (Doc. 27).

**IT IS SO ORDERED.**
**DATED:   December 14, 2018**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**